CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 06 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:04CR00110 |
| | ) | (Civil Action No. 7:16CV80927) |
| v. | ) | |
| | ) | **FINAL ORDER** |
| RANDY WAYNE SHELTON | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

On April 4, 2005, Randy Wayne Shelton pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), pursuant to a written plea agreement. A Presentence Investigation Report ("PSR") prepared in anticipation of sentencing recommended that he be classified as an armed career criminal under the Armed Career Criminal Act ("ACCA") because he had "three previous convictions for a violent felony or a serious drug offense, or both. . . ." (PSR ¶ 23, ECF No. 90.) The PSR relied on three prior Virginia burglary convictions pursuant to Virginia Code § 18.2-91. (Id. ¶¶ 33, 34, 36.) With the ACCA enhancement, Shelton faced a mandatory minimum sentence of 180 months' incarceration. 18 U.S.C. § 924(e)(1). Without the ACCA enhancement, Shelton would have been subject to a statutory maximum sentence of 120 months' imprisonment. 18 U.S.C. § 924(a)(2).

On July 29, 2005, the court adopted the PSR and sentenced Shelton to the statutory mandatory minimum sentence of 180 months' incarceration after concluding that he qualified as an armed career criminal. Shelton filed his § 2255 motion on May 17, 2016. (ECF No. 80.) The government responded. (ECF No. 86.) The court held a hearing on December 6, 2016. In light of the fact that Shelton had already served more than eleven years of his sentence, the court granted Shelton's request to be released on bond pending the court's ruling on his § 2255 motion

and his resentencing. (Revised Order, ECF No. 94.) For the reasons stated in the accompanying omnibus memorandum opinion, the court concludes that Shelton's prior Virginia burglary convictions cannot support his armed career criminal designation. Consequently, Shelton no longer qualifies as an armed career criminal and his ACCA sentence is unlawful.

Accordingly, it is hereby

## ADJUDGED and ORDERED

as follows:

1. Shelton's motion pursuant to 28 U.S.C. § 2255 (ECF No. 80) is **GRANTED**;

2. The government's motion to dismiss (ECF No. 86) is **DENIED**; and

3. Shelton must be resentenced. A resentencing hearing has been scheduled for January 20, 2017.

The Clerk is directed to send copies of this order and the accompanying omnibus memorandum opinion to the petitioner and all counsel of record. In addition, the Clerk is directed to close Civil Action No. 7:16CV80927 as all further action will occur in Shelton's criminal case.

**ENTER:** This 6th day of January, 2017.

*/s/ Conrad*
Chief United States District Judge